IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR416-255 |
| ) | |
| JANARD BROWN, ) | |
| ) | |
| Defendant. ) | |

### O R D E R

Before the Court is Defendant Janard Brown's Motion for Credit for Time Served (Doc. 88), which the Government has opposed (Doc. 89). In his motion, Defendant essentially requests that this Court grant him credit towards his federal sentence for all time Defendant served in state custody. (Doc. 88 at 2.) After careful consideration, Defendant's motion (Doc. 88) is **DISMISSED**.

In September 2016, Defendant pleaded guilty to carjacking in violation of 18 U.S.C. § 2119(1) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 49.) Defendant was sentenced to 84 months and one day's imprisonment. (Doc. 71 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Bennettsville located in Bennettsville, South Carolina, with a projected release date of May 18, 2025. See BOP Inmate Locator,

Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on April 21, 2021).

The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. <u>Rodriguez v. Lamer</u>, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); <u>United States v. Roberson</u>, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." <u>United States v. Martin</u>, 362 F. App'x 69, 70 (11th Cir. 2010).

Even assuming, without deciding, that Defendant has exhausted his administrative remedies with the BOP, this Court lacks jurisdiction to consider Defendant's motion.[1] The proper procedure

---

[1] Attached to his motion, Defendant provided the Court with an email from a BOP official. (Doc. 88 at 3.) In the email, the BOP explained to Defendant that it was not in possession of any order or recommendation from this Court suggesting that Defendant's federal sentence run concurrently with his state sentence. (<u>Id.</u>) The BOP also stated that, after gathering the necessary information, it would contact this Court for its position on the correct imposition of Defendant's sentence. (<u>Id.</u>) Because the Court lacks jurisdiction to consider Defendant's motion, the Court need not decide whether this letter, by itself, evidences that Defendant has exhausted his administrative remedies.

2

for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. See United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, Defendant is currently incarcerated at FCI Bennettsville in Bennettsville, South Carolina. Accordingly, if Defendant wishes to challenge the BOP's decision, Defendant must file a § 2241 petition for sentencing credit in the United States District Court for the District of South Carolina, Florence Division. Because this Court lacks jurisdiction to consider this motion, Defendant's motion (Doc. 88) is **DISMISSED**.

SO ORDERED this 22ND day of April 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA